Order Form (01/2005)

## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3174 | **DATE** | 9/1/2010 |
| **CASE TITLE** | Maria Cardenas, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Motion by Plaintiffs to alter judgment [23] is denied.

■ [ For further details see text below.]    Docketing to mail notices.

### STATEMENT

Before the Court is Plaintiffs' motion to amend or alter judgment pursuant to FED. R. CIV. P. 59(e), in which they argue that the Court legally erred when it dismissed certain counts of Plaintiffs' complaint with prejudice for insufficient service of process. For the following reasons, the motion is denied.

Plaintiffs initiated this case on April 22, 2008 in the Circuit Court of Cook County. The complaint is based on an alleged unconstitutional search and seizure. It consists of three state-law claims and two federal claims against the City of Chicago (the "City") and a Chicago Police Officer that the parties identified as A. Gallegos ("Gallegos"). On June 2, 2008 the Defendants removed the case to this Court and moved to dismiss, arguing that Plaintiffs failed to properly serve Gallegos within the required 120-day time frame. There is no dispute that the deadline for service was November 9, 2009. As it turned out, Plaintiffs failed to serve Gallegos until after the City removed the case and moved to dismiss it. Eventually the Court granted Defendants' motion to dismiss, finding that Plaintiffs indeed had not made a reasonable effort to serve Gallegos. The Court dismissed with prejudice all five counts of Plaintiffs' complaint against Gallegos and dismissed Counts I, III and IV against the City. In response, Plaintiffs filed the instant motion.

It is well-recognized that the problems that justify motions pursuant to Rule 59(e) "rarely arise and the motion to reconsider should be equally rare." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). Such motions are not available for parties to rehash old arguments, and they are not the proper vehicle to present new allegations or legal theories that could have been presented earlier. See DalPozzo v. Basic Mach. Co., 463 F.3d 609, 615 (7th Cir. 2006); Wagner v. Nutrasweet Co., 873 F. Supp. 87, 101-02 (N.D. Ill. 1994). Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir. 1985). Four grounds justify reconsideration: (1) an intervening change in the law; (2) new evidence not available at the time of the original ruling; (3) a clear legal error; and (4) the prevention of a manifest injustice. See id.

Plaintiffs first argue that the Court incorrectly construed the facts when it found that Plaintiffs had not

| STATEMENT |
|---|

served Gallegos within the appropriate time frame. In support, Plaintiffs insist that they properly served Gallegos on May 9, 2008, when they served a copy of the complaint and summons to the Chicago Police Department (CPD) headquarters, Office of the Superintendent. It is well-accepted, however, that "all Chicago Police Officers are served at the same address - the Chicago Police Department's Office of Legal Affairs." Goodman v. Clark, No. 09 C 355, 2010 WL 2838396, at *7 n.3 (N.D. Ind. July 12, 2010) (citing Irvin v. City of Chi., No. 07 C 1207, 2007 WL 3037051, at *3 (N.D. Ill. Oct. 15, 2007)). Plaintiffs did not serve Gallegos at the Office of Legal Affairs; again, they served Gallegos at the Office of the Superintendent. These two offices are not interchangeable; they are separate and distinct. Service in one office does not constitute service in the other. Plaintiffs' arguments to the contrary are unavailing.

    Plaintiffs next argue that the Court failed to view the facts in a light most favorable to them, when the Court supposedly ignored a factual dispute as to whether during a phone call counsel for the City told Plaintiffs' counsel the proper place to serve Gallegos. But this dispute is entirely irrelevant. The City has no obligation to assist Plaintiffs in effecting service on a particular Defendant. This burden rests at all times with the Plaintiffs, and it is clear that Plaintiffs failed in all respects to satisfy that burden. Based on Plaintiffs' own admissions, the Court properly construed the facts in their favor, RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1271, 1275 (7th Cir. 1997), and found that service had not been properly made, but nevertheless Plaintiffs made no further attempts to correct the problem until they were faced with a motion to dismiss. Finally, as to Gallegos, Plaintiffs offer a familiar argument - that they should be granted an extension for service absent good cause. In support, Plaintiffs have presented arguments that they either made or could have made in response to the original motion. The Court will not revisit these arguments on a motion to reconsider. In its discretion, the Court shall again decline Plaintiffs' request for an extension. The Court considered the cases Plaintiffs have presented, and again the Court finds them unpersuasive. The motion pursuant to Rule 59(e) is denied in its entirety as to Officer Gallegos.

    The Court declines to address Plaintiffs' final arguments with respect to the Court's Order dismissing Counts I, III and IV against the City because Plaintiffs raised these arguments for the first time in the motion to reconsider. This is entirely inappropriate, as it is well-accepted such arguments are deemed waived. Gen. Auto. Serv. Station v. City of Chi., 526 F.3d 991, 1006 (7th Cir. 2008). The motion is denied as to the City. And as to Plaintiffs argument that the Court's ruling creates a manifest injustice, the Court finds it meritless. As the Court said previously, "Counsel has only itself to blame" for failing to serve Gallegos by November 9, 2009. This may indeed be a harsh realization, but again the Court shall remind the parties that proper service goes to the foundation of the Court's authority to exercise jurisdiction. It is not a formality, but a necessary prerequisite. Plaintiffs' motion to alter the judgment is denied.

    IT IS SO ORDERED.



08C3174 Maria Cardenas, et al. Vs. City of Chicago, et al.                  Page 2 of 2